

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00028-CR

_____

TERRELL DEWAYNE DOPSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR17-165

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On October 18, 2017, the State moved to revoke Terrell Dewayne Dopson's community supervision,[1] alleging that Dopson had committed two violations of the conditions of his community supervision. Following a bench trial, the trial court revoked Dopson's community supervision and sentenced Dopson to twenty-four months' confinement.[2] Dopson appeals.

Dopson's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. In that brief, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced, thus meeting the requirements of the law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel forwarded copies of his brief and motion to withdraw to Dopson and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief, should he so desire. Additionally, counsel provided Dopson with a complete copy of the appellate

---

[1]In the prelude to his community supervision, Dopson had pled guilty to possession of a penalty-group-one controlled substance of less than one gram, under a plea agreement. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017). In accordance with the sentencing recommendations included in the plea agreement, the trial court had sentenced Dopson on September 25, 2017, to two years' confinement, had suspended that sentence, and had placed Dopson on five years' community supervision.

[2]In our cause number 06-18-00027-CR, Dopson appeals the revocation of his community supervision following his conviction for unlawful possession of a firearm by a felon.

record in this matter. On June 8, 2018, this Court advised Dopson that his pro se response was due on or before July 9, 2018. When Dopson did not file a pro se response, we further advised him on July 13, 2018, that the case was set for submission on August 3, 2018. We have received neither a pro se response from Dopson nor a motion requesting an extension of time in which to file such a response.

In our review of this matter, we have identified a needed modification to the judgment. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). The judgment revoking Dopson's community supervision erroneously indicates that Dopson pled "not true" to the revocation allegations. We, therefore, modify the judgment to indicate that Dopson pled "true" to the revocation allegations.

We have independently reviewed the entire appellate record and, like counsel, have determined that no reversible error exists. Accordingly, we modify the judgment as indicated.

As modified, the judgment of the trial court is affirmed.[3]

Josh R. Morriss, III
Chief Justice

Date Submitted:      August 3, 2018
Date Decided:        August 8, 2018

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.